UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCQUEEN, RAINS & TRESCH, LLP, ) ) ) Plaintiff, ) ) v. ) ) CITGO PETROLEUM CORPORATION, ) ) Defendant. ) | Case No. 07-CV-0314-CVE-PJC |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Leave to File Amended Answer and Counterclaim (Dkt. # 32). Defendant seeks to add defenses and assert counterclaims in its proposed amended answer. For the reasons set forth below, the Court finds that defendant's motion should be **granted**.

**I.**

On June 1, 2007, McQueen, Rains & Tresch, LLP ("MRT") filed the instant action, seeking to recover termination payments allegedly due to MRT pursuant to three fixed fee, fixed term, general retainer agreements between MRT and CITGO Petroleum Corporation ("CITGO"). See Dkt. # 2. MRT alleges that CITGO terminated these agreements more than twelve months before their expiration and that, consequently, CITGO owes MRT liquidated damages. Dkt. # 38, at 4. CITGO filed its answer on June 27, 2007. In the scheduling order, the Court set a deadline of August 31, 2007 for amendment to pleadings and November 30, 2007 as discovery cutoff. Dkt. # 19. CITGO filed it motion for leave to amend on November 1, 2007.

In its proposed amended answer, CITGO adds several new defenses and counterclaims.[1] CITGO claims that MRT cannot enforce the agreements against CITGO because these agreements were executed without CITGO's authorization. Dkt. # 32-2, at 2. CITGO asserts new affirmative defenses, including: (i) failure to mitigate damages, (ii) fraud and misrepresentation, and (iii) estoppel and waiver. Id. at 3. CITGO asserts new counterclaims: (1) MRT and its individual partners breached their fiduciary duties of loyalty owed to CITGO; (2) MRT breached its contractual obligations by improperly assigning cases in contravention to the contractual terms; and (3) MRT owes an accounting to CITGO pursuant to the agreements. Dkt. # 32-2, at 4-9; Dkt. # 40, at 2-3. MRT opposes each of CITGO's proffered amendments on the grounds that CITGO's motion to amend is untimely and made "for the apparent purpose of delaying adjudication of this case." Dkt. # 38, at 1, 8. CITGO responds that "the delay in moving to amend CITGO's answer is due in large part to MRT's delay in responding to CITGO's discovery requests." Dkt. # 40, at 1. According to defendant, it did not want to file any claims prematurely without "receiving MRT's responses to discovery or without reviewing over 200,000 records." Id. at 2.

## II.

A defendant is required to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When a party omits an affirmative defense or discovers new evidence giving rise to a defense as discovery proceeds, the party must move to amend his pleadings under Fed. R. Civ. P. 15(a) to rely on that defense in a dispositive motion or at trial. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans

---

[1] In it reply to the motion to amend (Dkt. # 40), CITGO also seeks to add an additional counterclaim for breach of fiduciary duty based on MRT's preparation of its lawsuit against CITGO while representing CITGO.

2

Affairs, 126 F.3d 339, 345 (10th Cir. 1997). Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted); Duncan v. Manager, Dep't. of Safety, 397 F.3d 1300, 1315 (10th Cir. 2005); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

As to the addition of a counterclaim, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."[2] Fed. R. Civ. P. 13(f). If the pleader seeks to add counterclaims after the deadline in the scheduling order for amending pleadings has expired, however, this party must show "good cause" for his failure to assert his counterclaims within the

---

[2] As a practical matter, courts have generally construed Rule 13(f) and Rule 15(a) together and treat a motion to add omitted counterclaims under the same standard that governs other types of motions to amend pleadings. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 940 (4th Cir. 1995); Triad Elec. & Controls, Inc. v. Power Systems, 117 F.3d 180, 192 (5th Cir. 1997); Aerotech Resources, Inc. v. Dodson Aviation, Inc., 2001 WL 474302, *3 (D. Kan. Apr. 23, 2001).

deadline established by the court.³  SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518 (10th Cir. 1990); see Fed. R. Civ. P. 16(b).  Further, a court may deny leave to amend "when the party filing the motion has no adequate explanation" for the undue delay.  Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).  A court must consider the length of the delay and the reason for the delay to determine if the motion is untimely.  Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006).  Of course, the threshold inquiry is whether the delay is actually undue.  See Minter, 451 F.3d at 1205 ("Emphasis is on the adjective: 'Lateness does not of itself justify the denial of an amendment.'" (quoting R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975))).  "The longer the delay, the more likely the motion to amend will be denied."  Id. (internal quotation marks and citation omitted).

As required by Tenth Circuit precedent, this Court will consider the length of the delay and the reason for defendant's delay in seeking to amend its answer and file counterclaims.  Smith, 462 F.3d at 1285; Minter, 451 F.3d at 1205.  In this case, defendant filed its answer on June 27, 2007. The deadline to amend pleadings was August 31, 2007.  Because defendant did not seek leave to amend until November 1, 2007, two months after this deadline, defendant's motion to amend would require the Court to amend the scheduling order.

Defendant claims that "the delay in moving to amend CITGO's answer is due in large part to MRT's delay in responding to CITGO's discovery requests."  Dkt. # 40, at 1.  Defendant claims

---

³   While the Tenth Circuit has "not decide[d] whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," the Circuit has found that the rules do exhibit "rough similarity," intimating that the difference in the analysis is de minimus. Minter, 451 F.3d at 1205 n.4.  Thus, given this "rough similarity," the Court will assume that the "good cause" standard applies to both the proposed amended answer and counterclaims.

that plaintiff did not produce documents which defendant requested until October 23, 2007, nine days before defendant sought leave to amend. Id. According to defendant, "CITGO filed this motion to amend only after CITGO had examined all reasonable sources of evidence available at the time that related to it." Id. at 2.

Plaintiff, on the other hand, alleges that "[j]ustice would be subverted, not served, by permitting these amendments, which are proffered too late and for the apparent purpose of delaying adjudication of this case." Dkt. # 38, at 1. Plaintiff claims that defendant's proposed amendments stem from information that "was known or knowable by the time CITGO answered, or in any event by the deadline for amendment." Id. at 8. Plaintiff further claims that MRT's service of its expert report on October 22, 2007 prompted defendant's "belated and untimely effort to amend." Id. at 6. Plaintiff attempts to buttress its arguments by relying on the Court's decision in Scottsdale Ins. Co. v. Oklahoma Transit Authority, Inc., No. 06-CV-0359-CVE-SAJ, 2007 WL 2746928 (N.D. Okla. Sept. 20, 2007).

The Court finds that defendant's motion is not unduly delayed and is proffered with an adequate explanation demonstrating good cause. The moving party in Scottsdale sought leave to amend almost a full year after filing its original answer and almost six months after the passage of the amendment deadline. Id. at *3-4. Here, defendant sought leave to amend a little more than four months after filing its original answer and only two months after the passage of the amendment deadline. The scheduling in order in Scottsdale had been twice amended prior to the moving party's motion. Id. at *2. Here, the scheduling order has been amended only once pursuant to a joint motion. Dkt. # 24. Moreover, defendant sought leave to amend before the expiration of the discovery period, prior to the filing of any dispositive motion, and previous to the deposition of any

witness.[4] Dkt. # 40, at 3. Further, the moving party's delay in <u>Scottsdale</u> was caused, in part, by the apparent difficulty in retaining counsel. 2007 WL 2746948, at *3-4. Here, defendant's delay has nothing to do with a failure to obtain new counsel. While plaintiff claims that defendant had information at its disposal regarding its employee's authority or lack thereof before the amendment deadline, Dkt. # 38, at 6, defendant avers that plaintiff "did not actually produce the requested documents [pertaining to its amendment] until October 23, 2007. Nine days later [d]efendant filed its [m]otion to [a]mend." Dkt. # 40, at 1. According to defendant, it did not want to file any claims prematurely without "receiving MRT's responses to discovery or without reviewing over 200,000 records." <u>Id.</u> at 2. Thus, unlike in <u>Scottsdale</u>, the Court cannot find that defendant's motion here is based on <u>evidence</u> — not theories — possessed at the time defendant filed its answer. Although the Court also acknowledges plaintiff's contention that defendant's proposed amendments may change the issues in this case, the scheduling order may be amended as necessary and for good cause shown. Therefore, the Court concludes that defendant's motion is not untimely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Amended Answer and Counterclaim (Dkt. # 32) is **granted**. The Amended Answer and Counterclaims (as amended by the reply, Dkt. # 40) shall be filed no later than **November 30, 2007.** The parties shall confer and submit an agreed amended scheduling order no later than **December 7, 2007.**

**DATED** this 28th day of November, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Defendant notes that MRT has since deposed two of CITGO's officers. Dkt. # 40, at 3. Defendant has agreed to allow subsequent depositions to be taken of those officers on subjects related to the matters in the amended answer and counterclaims. <u>Id.</u>