## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCQUEEN,  RAINS & TRESCH, LLP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-0314-CVE-PJC |
| CITGO PETROLEUM CORPORATION, | ) ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Now before the Court is CITGO Petroleum Corporation's Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. # 30).  Defendant CITGO Petroleum Corporation ("CITGO") seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  On January 22, 2008, this Court entered an Opinion and Order (Dkt. # 69), finding that defendant's motion for judgment on the pleadings necessitated certification of questions of law to the Oklahoma Supreme Court.  On July 8, 2008, the Oklahoma Supreme Court answered two reformulated questions.  See Dkt. # 91. This Court need not recite the background of this case to rule on the at-issue motion and, accordingly, adopts the facts set forth in the Order Certifying Questions of Law (Dkt. # 76).

CITGO moves for judgment on the pleadings on the ground that plaintiff's breach of contract claim fails as a matter of Oklahoma law.  CITGO argues that "[c]ontractual clauses that interfere with a client's absolute right to discharge an attorney are unenforceable."  Dkt. # 30, at 2. According to CITGO, a discharged law firm – such as plaintiff – cannot enforce liquidated damages clauses against its former client, because the fees represented by the liquidated damages have not been earned.  See Dkt. # 41.  By contrast, plaintiff argues that it may enforce the liquidated damages

clauses because a law firm like itself, which detrimentally relies on a fixed term, fixed fee, general retainer agreement and which is discharged by the client without reasonable cause, may collect damages for the loss of fees provided in the agreement.  Dkt. # 37, at 3.  Thus, the issue raised by defendant's Rule 12(c) motion is whether Oklahoma law allows a prematurely discharged law firm to collect as liquidated damages a portion of a total fixed fee not yet received by the firm.

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Nelson v. State Farm Mut. Auto Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005).  Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party."  Id. (internal quotation marks and citation omitted); Ramirez v. Dep't of Corr., 222 F.3d 1238, 1241 (10th Cir. 2000).  "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"  Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).  Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Hence, under Rule 12(c), a court should consider only matters referred to or incorporated by reference in the pleadings or attached to the answer or complaint.  Park Univ. Enters., Inc., 442 F.3d at 1244; GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997).

Here, defendant claims that this Court may "properly consider the agreements at issue referenced in [plaintiff]'s complaint (attached to [plaintiff]'s motion for summary judgment") under

Rule 12(c) because the complaint refers to the agreements and they are central to [plaintiff]'s claim." Dkt. # 41, at 4.  This Court agrees.  GFF Corp. held that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  130 F.3d at 1384.  Because plaintiff explicitly discusses the at-issue agreements in its complaint and presents presumably authentic copies to this Court as exhibits, see Dkt. # 2, at 2-3; Dkt. # 36, this Court determines that the agreements are not "outside the pleadings."[1]

Having determined that the retainer agreements at issue may be considered, this Court finds that, contrary to defendant's assertion, the liquidated damages clauses are not per se unenforceable under Oklahoma law.  In response to this Court's certified questions, the Oklahoma Supreme Court made clear that "[t]he unique facts presented warrant enforcement of the contract between the firm and CITGO." McQueen, Rains & Tresch, LLP v. CITGO Petroleum Corp., ___ P.3d ___, 2008 WL 2600697, at *6 (Okla. July 1, 2008).  The Oklahoma Supreme Court found that CITGO

> is a large corporation sophisticated both in the commercial and the legal environment and was represented by its Vice President of Legal Affairs and General Counsel in contract negotiations.  There are no allegations that the terms of the liquidated damages provisions are ambiguous.  At a minimum, the firm altered its position to the extent that it equipped an office and provided legal counsel in an out-of-state location.  Further, the liquidated damages provisions contain CITGO's express acknowledgment that the firm further changed its position in undertaking costs and expenses to meet the demands of the contractual relationship.

---

[1] To the extent plaintiff wishes the Court to consider any other portion of its brief in support of its motion for summary judgment, see Dkt. # 37, at 1, the Court declines to do so at this juncture.

3

Id. at *7.  The Oklahoma Supreme Court also noted, however, that other factors – such as whether plaintiff's dismissal was excusable, whether the compensation provided by the liquidated damages clauses is so excessive as to evidence improper or undue advantage, whether the parties negotiating the agreements had the authority to do so, and whether the liquidated damages clauses serve as a penalty – might render the liquidated damages clauses unenforceable.  Id. at *1 n.2.  Nevertheless, these issues are not raised in defendant's motion for judgment on the pleadings.  This Court concludes that the liquidated damages clauses are not per se unenforceable under Oklahoma law. Therefore, judgment on the pleadings is not appropriate.

**IT IS THEREFORE ORDERED** that CITGO Petroleum Corporation's Motion for Judgment on the Pleadings and Memorandum in Support (Dkt. # 30) is hereby **denied**.  The motions for summary judgment are at issue and will be addressed by this Court in the near future.

**DATED** this 4th day of August, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT