UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCQUEEN, RAINS & TRESCH, LLP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CV-0314-CVE-PJC |
| CITGO PETROLEUM CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

Now before the Court is Plaintiff's Motion for Summary Judgment (Dkt. # 33) and Defendant's Cross-Motion for Summary Judgment (Dkt. # 48). Plaintiff McQueen, Rains & Tresch, LLP ("MRT") moves for judgment in its favor on its breach of contract claim against defendant CITGO Petroleum Corporation ("CITGO"). See Dkt. # 33. Plaintiff concedes in its reply, however, that "CITGO has now created an 'issue of fact' that precludes the granting of summary judgment in full." Dkt. # 60, at 1. Nevertheless, MRT claims that the Court may grant partial summary judgment, "holding as a matter of law that an Oklahoma law firm may enforce a fixed fee agreement when the law firm has been generally retained or has changed position based on the client's promises." Id.

In its August 4, 2008 Opinion and Order (Dkt. # 95), the Court addressed this issue and found that the liquidated damages clauses in the retainer agreements at issue are not per se unenforceable under Oklahoma law. Subject to the factors enumerated by the Oklahoma Supreme Court, see McQueen, Rains & Tresch, LLP v. CITGO Petroleum Corp., ___ P.3d ___, 2008 WL 2600697, at *1 n.2 (Okla. July 1, 2008), "[t]he unique facts presented warrant enforcement of the

contract between the firm and CITGO." Dkt. # 95, at 3 (internal quotation marks and citation omitted). Therefore, the Court finds that plaintiff has conceded that summary judgment is inappropriate as to anything other than the general enforceability of fixed-fee, fixed-term retainer agreements between attorney and client. Plaintiff's motion should be **granted** in part insofar as the contract is not per se unenforceable; it should be **denied** in part insofar as the parties do not dispute that genuine issues of material fact remain.

Further, defendant filed a motion for summary judgment (Dkt. # 48) on the grounds that the liquidated damages provisions are unenforceable as penalties, because they are not reasonable pre-breach estimates of probable loss, Dkt. # 65, at 1. According to defendant, "the uncontroverted evidence establishes that the multi-million dollar liquidated damages amount has no relation at all to work done by MRT or the damages they purportedly suffered." Dkt. # 53, at 1. Plaintiff contends, by contrast, that "there is at minimum a genuine issue of disputed fact that precludes granting CITGO's cross-motion, i.e., whether the liquidated damages agreed upon were a reasonable pre-breach estimate of MRT's likely damages in the event of CITGO's premature termination or are reasonably proportionate to MRT's actual damages." Dkt. # 61, at 1. The Court finds that at a minimum, there is a genuine issue of material fact as to the reasonableness of the liquidated damages provisions. Therefore, defendant's motion should be **denied**. Additionally, defendants have filed counterclaims for breach of fiduciary duty, breach of the retainer agreements at issue, and an accounting. See Dkt. # 45. Questions of fact remain regarding Hector Bivero's (CITGO's then general counsel) authority, MRT's performance under the agreements, and the submission of time records as stipulated in the agreements.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. # 33) is hereby **granted** in part and **denied** in part, and Defendant's Cross-Motion for Summary Judgment (Dkt. # 48) is hereby **denied**. The Court will enter a scheduling order.

**DATED** this 5th day of August, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT