UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCQUEEN, RAINS & TRESCH, LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITGO PETROLEUM CORPORATION, ) <br> ) <br> Defendant. ) | Case No. 07-CV-0314-CVE-PJC |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion for Jury Trial and Brief in Support (Dkt. # 112) and Defendant's Motion to Transfer Venue and Brief in Support (Dkt. # 113). Defendant Citgo Petroleum Corporation ("Citgo") asks the Court to transfer this case to another judicial district or set this case for a jury trial, instead of a bench trial, because L. Dru McQueen, a former partner in plaintiff McQueen Rains, & Tresch, LLP ("MRT"), is employed as a law clerk for Judge Gregory K. Frizzell of the Northern District of Oklahoma.

**I.**

This lawsuit was filed on June 1, 2007. MRT alleges that Citgo unilaterally terminated the parties' attorney/client relationship and refused to pay the full amount of attorney fees owed to MRT. Neither MRT nor Citgo requested a jury trial, and a non-jury scheduling order was entered on August 6, 2007. Dkt. # 19.[1] Citgo filed a motion for judgment on the pleadings, asserting that it had an absolute right to terminate MRT at any time and that the liquidated damages provision of the attorney/client agreement is unenforceable under Oklahoma law. MRT filed a motion for

---

[1] Two amended non-jury scheduling orders were subsequently entered. Dkt. ## 98, 103.

summary judgment (Dkt. # 33) and Citgo filed a cross-motion for summary judgment (Dkt. # 48) addressing similar issues. The Court found that it could not resolve the issues raised in the parties' motions without certifying questions to the Oklahoma Supreme Court and, after providing notice to the parties, the Court certified three questions to the Oklahoma Supreme Court on January 31, 2008. The Oklahoma Supreme Court answered the questions on July 1, 2008. Based on the Oklahoma Supreme Court's answers, the Court denied Citgo's motion for judgment on the pleadings and cross-motion for summary judgment. The Court granted MRT's motion for summary judgment on the ground that the attorney/client agreement is not per se unenforceable, but denied the motion in all other respects. Dkt. # 96.

On September 23, 2008, McQueen began working for Judge Frizzell as a law clerk. She states she did not seek out this employment and Judge Frizzell approached her about the job opportunity.[2] Dkt. # 115, at 2. Citgo filed motions to transfer venue or, in the alternative, for jury trial, because it claims that McQueen's employment creates an appearance of partiality or bias in favor of MRT. Citgo states that:

> although McQueen is not a law clerk directly assigned to this case, she is intimately involved with the professional and social network of the U.S. District Court for the Northern District [of Oklahoma]. An objective, lay observer aware of the professional and collegial relationship of McQueen to the judges of this Court would have substantial doubt, even if untrue, about the continued impartiality of any judge of this Court to adjudicate this case after she sought and gained employment with this Court.

---

[2] The parties dispute whether McQueen actively sought a clerkship with Judge Frizzell or whether Judge Frizzell approached McQueen with an offer of employment. The relevant fact is McQueen's current employment, regardless of how the employment discussion began, and the factual dispute has no bearing on this decision.

2

Dkt. # 113, at 6. Citgo asks the Court to transfer this case to the Eastern District of Oklahoma, the Western District of Oklahoma, or the Southern District of Texas. MRT responds that McQueen works for Judge Frizzell, not the undersigned or the judges of the Northern District of Oklahoma generally, and Citgo has not identified any specific contacts or close relationship between McQueen and the undersigned. MRT asks the undersigned to deny both of Citgo's motions and to continue to preside over this case.

## II.

Citgo requests that the Court transfer venue of this case to another judicial district in Oklahoma or the Southern District of Texas to avoid the appearance of partiality created by McQueen's employment. In the alternative, Citgo claims that it is necessary to set this case for a jury trial to mitigate the appearance of impropriety that would be created if a federal judge ruled after a bench trial on claims filed by a judicial law clerk for a judge in the same district.

## A.

Citgo asks the Court to transfer venue of this case, because it claims that McQueen's employment for Judge Frizzell creates the appearance that no judge in this judicial district can consider this case in an impartial and unbiased manner. Plaintiff responds that Citgo has not carried its burden to show that the Northern District of Oklahoma is an inconvenient forum, and the motion to transfer should be denied.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." The Tenth Circuit has identified several factors that should be considered by a district court when ruling on a motion to transfer:

3

> the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993). Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

Citgo's motion does not address any of the factors enumerated by the Tenth Circuit and it fails to carry its burden to show that transfer is appropriate under § 1404. Instead, Citgo argues that plaintiff forfeited its right to choose its forum because McQueen accepted a clerkship with Judge Frizzell. Dkt. # 113, at 3. The Court would abuse its discretion under § 1404 if it granted a motion to transfer venue based solely on one party's service as a federal judicial clerk. There is no record before the Court to find that the parties or any witnesses would be inconvenienced by a trial in this district, which is the primary consideration for a district court when ruling on a motion to transfer venue under § 1404(a). Chrysler Credit, 928 F.2d at 1515; Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978). Therefore, the motion to transfer venue (Dkt. # 113) should be denied.

**B.**

In the alternative, Citgo asks the Court to set a jury trial under Fed. R. Civ. P. 39(b), because an objective observer could question the undersigned's ability to fairly and impartially consider claims filed by a current law clerk. Plaintiff responds that Citgo voluntarily waived its right to a jury trial and it should not be permitted to rescind this waiver almost a year and half after the case was filed.

Under Rule 39(b), a party may file a motion requesting a jury trial even if it failed to make a timely demand for jury trial under Fed. R. Civ. P. 38. The decision to grant an untimely request for a jury trial under Rule 39(b) is a discretionary decision for the district court. Federal Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1333-34 (10th Cir. 1987). The Tenth Circuit has held that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial" if one is requested. Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992). However, a district court does not abuse its discretion to deny a Rule 39(b) motion "when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." Id. This Court has previously stated that a party making an untimely jury demand must "offer a credible, substance-based explanation for its failure to demand a jury." Southwest Stainless, L.P. v. Sappington, 2007 WL 3561477, *4 n.7 (N.D. Okla. Nov. 14, 2007). When ruling on a Rule 39(b) motion, the Court may consider:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983).

Citgo admits that it initially waived its right to a jury trial, but argues that McQueen's decision to accept employment as a law clerk for Judge Frizzell requires this Court to allow a jury trial to avoid an appearance of impropriety. Dkt. # 112, at 1. However, McQueen's decision to accept a job as a judicial clerk for a judge in this district does not prevent the undersigned from ruling on plaintiff's claims in an impartial manner. Citgo cites publicly-available information about the duties of a law clerk within chambers and the cooperative nature of a law clerk's work with a judge and other court personnel. However, this does not show that McQueen's employment creates a conflict of interest for the undersigned. McQueen works for Judge Frizzell and she has no duties in connection with this case or any other case pending before the undersigned. Citgo also cites the ethical obligations of a law clerk and suggests that the public could perceive that a law clerk for another judge could have some influence on a case pending before the Court. This simply serves to highlight McQueen's ethical duties to avoid taking any actions that would create an appearance of impropriety in this case or any other case in this judicial district and should negate any perception that a law clerk would use his or her position to influence the outcome of a case. McQueen's employment does not create an actual conflict of interest, nor would it would reasonably create a perception for the parties or the general public that the undersigned might have any partiality concerning the outcome of this case.

Considering the factors stated in Parrott, it is clear that Citgo's motion for jury trial should be denied. Plaintiff notes that the key issue that remains to be decided is whether the liquidated damages provision of the parties' agreement is enforceable and this is a legal issue that must be decided by the Court rather than the jury. See Sun Ridge Investors, Ltd. v. Parker, 956 P.2d 876 (Okla 1998). While some issues in this case could be submitted to a jury, the liquidated damages

issue is central to the parties' claims and counterclaims and must be decided by the Court. This case has been set for a non-jury trial since August 6, 2007, and Citgo's belated request for a jury trial would change the nature of the parties' trial preparation relatively shortly before trial. This raises a legitimate concern that granting Citgo's motion could prejudice plaintiff and inconvenience the parties and the Court by requiring an extension of deadlines in the scheduling order or the trial date. Although Citgo argues that its motion for a jury trial should not be denied unless there is a compelling reason to the contrary, it has not stated a legitimate reason why this Court should disregard Citgo's previous decision to waive its right to a jury trial. Citgo's motion for jury trial is based on a meritless argument. The fact that McQueen is employed as a law clerk by another judge of this district has no bearing on the undersigned's ability to conduct a fair and impartial trial and, therefore, Citgo's motion for a jury trial (Dkt. # 112) should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Jury Trial and Brief in Support (Dkt. # 112) and Defendant's Motion to Transfer Venue and Brief in Support (Dkt. # 113) are **denied**.

**DATED** this 17th day of November, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT